IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PATRICK SOUFFRANT,

        Plaintiff,　　　　　　Civil Action No.
　　　　　　　　　　　　　　　　3:13-CV-0811 (DNH/DEP)
  v.

THE COUNTY OF OTSEGO, *et al.*,

        Defendants.

_____

APPEARANCES:　　　　　　　　　OF COUNSEL:

FOR PLAINTIFF:

PATRICK SOUFFRANT
10-A-2530
Plaintiff*, Pro Se*
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

I. BACKGROUND

*Pro se* plaintiff Patrick Souffrant, who is a New York State prisoner, commenced this action on July 10, 2013. Dkt. No. 1. In his complaint, plaintiff alleges that on or about September 12, 2009, defendants John Does 1-7, police officers employed by defendant County of Otsego, and defendant Michael Ten Eyck, a Senior Investigator employed by the county, unlawfully arrested him while he and his girlfriend were in a hotel room. *See generally id*. It is also alleged that defendants confiscated $7,500 worth of plaintiff's property without sufficient legal basis, and failed to return it to him after the criminal charges arising from his arrest were dismissed. *Id.*

Plaintiff's complaint was not accompanied by either the required $400 filing fee or an application for leave to proceed *in forma pauperis* ("IFP"). By order dated July 11, 2013, Senior District Judge Frederick J. Scullin ordered that plaintiff either pay the full filing fee or submit a completed IFP application on or before August 12, 2013. Dkt. No. 2.

On August 16, 2013, plaintiff filed an IFP application and accompanying inmate authorization form. Dkt. Nos. 4-5. That IFP

application, however, was neither certified in accordance with the local rules of practice for this court, nor did it include "a certified copy of the trust fund account statement (or institutional equivalent) for [the plaintiff] for the 6-month period immediately preceding the filing of the complaint" in accordance with 28 U.S.C. § 1915.[1] By order dated August 20, 2013, I denied plaintiff's IFP application, without prejudice, on the grounds that plaintiff had not adequately shown that he qualifies for IFP status due to his submission of an incomplete IFP application. Dkt. No. 6 at 6. Affording plaintiff an opportunity to resubmit his application, I directed that plaintiff either pay the full filing fee for commencing this action or submit a renewed IFP application within thirty days of the filing date of the court's order, and also advised that, should plaintiff fail to timely comply with my decision and order, I would recommend dismissal of his complaint. *Id.* at 5. Despite the fact that more than thirty days have passed since that order was issued, plaintiff has neither submitted a renewed IFP application nor paid the $400 filing fee.

---

[1] A "certified" IFP application is one in which the certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the plaintiff's prison facility. *See, e.g.*, Dkt. No. 4 at 2. The certificate portion of the IFP application requests information regarding funds and/or securities held on account the inmate's credit over the preceding six months. *Id.*

II.  DISCUSSION

Rule 5.2 of the local rules of practice for this court requires that "[a] party commencing an action or removing an action from a state court must pay to the clerk the statutory filing fee before the case will be docketed and process issued." N.D.N.Y. L.R. 5.2(a). In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to comply with an order of the court.[2] Fed. R. Civ. P. 41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report*

---

[2] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority, and mandate that the court exercise it under certain circumstances. *See, e.g.,* N.D.N.Y. L.R. 41.2(a).

4

*and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).

Pursuant to Rule 41(b), the court's local rules, and their inherent authority to manage its own docket, courts in this district routinely dismiss complaints for failure to comply with a court order directing the payment of the filing fee. *See*, *e.g.*, *ed-george v. Burns*, No. 09-CV-0869, 2010 WL 4340258, at *1 (N.D.N.Y. Oct. 27, 2010) (Suddaby, J.); *see also Sykes v. New York State Child Support Processing Ctr.*, No. 11-CV-0797, 2011 WL 3652419, at *3 (Aug. 19, 2011) (Mordue, C.J.). In this instance, because plaintiff has failed to comply with the court's order dated August 20, 2013, and because he has failed to pay the requisite filing fee, I recommend dismissal of his complaint.

III. <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's complaint in this action was not accompanied by either the required $400 filing fee or a proper IFP application. Despite having been given two opportunities to rectify this shortcoming, and having been warned that his failure to do so could result in dismissal of his complaint, plaintiff has failed to comply with this court directive. It is therefore

respectfully

RECOMMENDED that plaintiff's complaint be dismissed, without prejudice, for failure to timely comply with this court's order and to either pay the required filing fee or submit a proper IFP application.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    October 11, 2013
             Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge